IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR117** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **TERRY L. NELSON,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"). Although no objections were filed as required by ¶ 6 of the Order on Sentencing Schedule, according to the Addendum the Defendant objected informally to the probation officer and those objections are now before the Court. *See* Order on Sentencing Schedule, ¶ 6; PSR, Addendum. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement provides in relevant part that the "videos and images do not involve torture or bondage." (Filing No. 22, ¶ 5(f).) U.S.S.G. § 2G2.2(b)(4) imposes a 4-level enhancement that if an offense "portrays sadistic or masochistic conduct or other depictions of violence." The Defendant objected to the § 2G2.2(b)(4) enhancement in ¶ 22 due to the portrayal in some images of digital penetration and rape of children. Nothing in the record, however, indicates that the Defendant has objected to the statements that some images portrayed the digital and penile penetration of female prepubescent minors. (PSR, ¶ 12.)

The probation officer correctly quotes *United States v. Malsch,* 217 Fed. Appx. 575 (8th Cir. 2007) for the proposition that images of an adult penetrating a minor are per se sadistic. However, more recently the Eighth Circuit discussed this issue at some length and stated the following:

> To read § 2G2.2(b)(4) to reach every photograph in which any minor is engaging in sexual intercourse (oral, vaginal, or anal)-even with someone of the same age-would empty the phrase "sadistic or masochistic conduct or other depictions of violence" of any real meaning. It would also require application of § 2G2.2(b)(4)'s four-level enhancement for sadistic, masochistic, or violent images to every image of a minor having sexual intercourse (including images of minors having sexual intercourse with other minors of the same age). The Court does not believe that the Sentencing Commission intended § 2G2.2(b)(4) to sweep so broadly.

*United States v. Meillier,* 2008 WL 2564128, at *3 (8th Cir. June 25, 2008).

Therefore, the Court declines to automatically apply the 4-level enhancement. The Defendant's objection will be heard at sentencing. The government bears the burden by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Addendum) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

      4.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

      5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

      DATED this 11th day of August, 2008.

                                  BY THE COURT:

                                  s/ Laurie Smith Camp
                                  United States District Judge